## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re:  TESTOSTERONE | ) | |
| REPLACEMENT THERAPY | ) | **Case No. 14 CV 1748** |
| PRODUCTS LIABILITY LITIGATION | ) | **MDL No. 2545** |
| | ) | |
| **This Document Relates To:** | ) | |
| *Daniel Myers, et al. v. AbbVie Inc., et al.*, | ) | |
| Case No. 1:15-cv-00737 | ) | |

### ABBVIE DEFENDANTS' NOTICE OF AFFIRMATIVE DEFENSES

Defendants AbbVie Inc., AbbVie Products LLC, Abbott Laboratories[1] (collectively "AbbVie"), by and through their attorneys, and in accordance with Case Management Order No. 87, hereby provide this Notice of Affirmative Defenses.  Beyond those affirmative defenses specifically enumerated in Federal Rules of Civil Procedure 8(c) and 12(h), and those required to be pleaded as such by applicable state law, AbbVie has confined its affirmative defenses to those additional defenses on which AbbVie bears the burden of proof.[2]  Therefore, AbbVie has not pleaded herein, for example, the learned intermediary doctrine which, while applicable to this case, is not an issue on which AbbVie bears the burden of proof.  Because medical record collection is ongoing and depositions have not yet occurred, these affirmative defenses are still under

---

[1]     AbbVie was established at the beginning of 2013 as an independent, publicly traded company from the research-based pharmaceutical business of codefendant Abbott Laboratories, which no longer sells AndroGel in the United States.

[2]     The pleading requirement for affirmative defenses is the Rule 8 plausibility standard as defined by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See also Leibowitz v. Bowman Int'l, Inc.*, No. 15 C 3021, 2016 WL 6804580, at *9 (N.D. Ill. Nov. 17, 2016) (Kennelly, J.) (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))); *Intercom Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1059 (N.D. Ill. 2013) (Kennelly, J.) ("[A]ffirmative defenses must set forth a short and plain statement of the defense.") (citation omitted).  The Court directed AbbVie to plead its affirmative defenses with particularity in accordance with Federal Rule 9(b).  While that standard is different and applies to allegations of fraud and mistake, AbbVie believes the defenses as pleaded below comply with that standard as well.

investigation and AbbVie reserves its right to timely amend and/or supplement these affirmative defenses according to the facts uncovered in ongoing discovery.

1.      Plaintiff's claims may be barred by the doctrines contained in comment k to the Restatement (Second) of Torts § 402A.  *See Laws v. Johnson*, 799 S.W.2d 249, 252 (Tenn. Ct. App. 1990) ("[Section 402A] applies to the doctrine of strict liability with reference to products sold in commerce.").  Under the framework of comment k, any alleged risks of AndroGel are unavoidable, the benefits of AndroGel justify its marketing despite any alleged risks, AndroGel is properly prepared and marketed, and AndroGel is accompanied by proper warnings.  Specifically, while AbbVie maintains that AndroGel is not the cause of Mr. Myers' injuries, any alleged risk associated with AndroGel was unavoidable and accompanied by adequate warnings at the time of Mr. Myers' injuries in December 2011.  Additionally, AndroGel's benefit of raising testosterone levels to the normal range in hypogonadal men justifies the continued marketing and use of AndroGel despite any alleged risk.  AbbVie maintains, and Mr. Myers does not dispute, that the AndroGel used by Mr. Myers was properly prepared.  Moreover, in 2011, AndroGel was accompanied by specific, FDA-approved warnings, including a warning that testosterone may increase hematocrit, which "may increase the risk for a thromboembolic event."

2.      Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations and repose.  Specifically, Tennessee imposes a one-year statute of limitations on all claims arising from use of an allegedly defective product.  Tenn. Code § 28-3-104(b).  Plaintiff filed his Complaint in January 2015, more than three years after his December 2011 injuries. Tennessee also imposes a statute of repose on product liability actions, which bars such actions if not brought "within one (1) year after the expiration of the anticipated life of the product . . . ." Tenn. Code. 29-28-103(a).  Plaintiff's injury occurred in December 2011.  AndroGel has a shelf-

life of 24 months, so the AndroGel that Plaintiff used in December 2011 expired at the latest in December 2013 and the statute of repose required him to file suit by December 2014. Plaintiff filed his Complaint in January 2015, outside the time period that the Tennessee statute requires.

3.      Plaintiff's claims for breach of implied warranty and breach of express warranty are barred because Plaintiff did not give AbbVie adequate notice of any alleged breach of warranty, express or implied, within a reasonable time. Tenn. Code § 47-2-607(3)(a). Plaintiff became aware of the alleged breach in December 2011, when he experienced pulmonary emboli and a mini-stroke. Plaintiff gave notice to AbbVie in the form of a Complaint on January 26, 2015, more than three years later.

4.      Plaintiff's claims may be barred, in whole or in part, by the doctrine of comparative fault. *See McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). Plaintiff reports a relevant medical history of coronary artery disease, arteriosclerosis, a previous myocardial infarction, hypertension, diabetes, and significant tobacco use of one pack of cigarettes a day for nearly 50 years at the time of his injuries in December 2011. Plaintiff also reports a family history of blood clots and myocardial infarctions. Moreover, medical records indicate that Plaintiff has a relevant medical history of stroke, DVT, morbid obesity, hyperlipidemia, and atrial fibrillation.

5.      Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate. Specifically, Plaintiff's morbid obesity and significant tobacco use continued after his injuries in December 2011.

6.      Plaintiff's damages, if any, may be barred, limited, or offset in the amount of any reimbursement received by Plaintiff as a result of any insurance or other health benefits plan, or any amounts paid by any insurance or other health benefits plan. Plaintiff claims an unspecified

amount in out-of-pocket medical expenses, but Plaintiff reports that he received medical coverage through and reimbursements from Medicare at the time of and following his injury.

7.     Plaintiff's punitive damages may be barred because AndroGel was at all times manufactured and labeled in accordance with the terms of its FDA approval.  Tenn. Code § 29-39-104(d)(1)(A).

8.     Plaintiff's claims are barred, in whole or in part, because AndroGel is comprehensively regulated by the FDA pursuant to the FDCA, 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by the FDA to implement the FDCA, with the purposes and objectives of the FDCA and the FDA's implementing regulations, and with determinations by the FDA specifying the language that should be used in the labeling accompanying AndroGel.  Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.[3]

---

[3]     AbbVie has omitted a defense that claims of a "fraud on the FDA" are preempted under *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001), which it previously pleaded in its Short Form Answer.  This was done with the understanding that Plaintiffs will concede that their claims do not rely on allegations that AbbVie committed fraud on the FDA, as Plaintiffs have previously conceded with the first group of Bellwethers. (*See* Case Management Order Nos. 47 and 24).

Respectfully submitted,

Dated:  March 8, 2018                    */s/ Michelle H. Yeary*

Michelle Hart Yeary
DECHERT LLP
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
Tel: (609) 955-3277
michelle.yeary@dechert.com

Nathan E. Hoffman
DECHERT LLP
35 W. Wacker Dr., Suite 3400
Chicago, IL 60601
Tel: (312) 646-5800
nathan.hoffman@dechert.com

*Attorneys for AbbVie Inc., AbbVie Products
LLC, and Abbott Laboratories*

## **CERTIFICATE OF SERVICE**

I, Michelle Hart Yeary, hereby certify that on March 8, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notifications of such filing to all registered attorneys of record.


*/s/ Michelle Hart Yeary*